UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

WILLIAM WALKER                                                                                    PLAINTIFF

v.                                                                        CIVIL ACTION NO. 1:11CV-P127-M

CITY OF BOWLING GREEN *et al.*                                                         DEFENDANTS

MEMORANDUM AND ORDER

Plaintiff William Walker filed a *pro se* motion to alter or amend the Court's September 22, 2011, order denying his application to proceed *in forma pauperis* and directing him to pay the $350.00 filing fee in full within 30 days.  The Court denied Plaintiff's application pursuant to 28 U.S.C. § 1915(g) by concluding that he was not under imminent danger of serious physical injury and that he had previously filed at least three actions that were dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted.  *See, e.g., Walker v. Wilson et al.*, 1:04CV-P173-R (dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1)); *Walker v. Minton et al.*, 3:06CV-P264-H (dismissed under § 1915A(b)(1) as both frivolous and for failure to state a claim upon which relief may be granted); *Walker v. Chandler et al.*, 3:04CV-P123-S (dismissed under Fed. R. Civ. P. 12(h) and pursuant to § 1915A(b)(1) for failure to state a claim upon which relief may be granted).

In the motion to alter or amend, Plaintiff raises two challenges to the Court's application of § 1915(g) to him.  He first claims that because many of his prior actions that were dismissed as frivolous, malicious, or for failure to state a claim were fee-paid cases, they should not be counted as strikes.  The Sixth Circuit has already clarified, however, that "§ 1915(g) does not distinguish between prior *in forma pauperis* actions and prior actions in which the fee was paid." *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001).  Second, Plaintiff claims with respect to

two of the three cases that the Court counted as strikes "further litigation . . . has significantly changed the facts and the law in those actions which has the effect of rendering the final judgments in those actions clearly erroneous or obsolete." The Court disagrees but nonetheless advises that many of Plaintiff's other cases would count as strikes as well. *See, e.g., Walker v. Ky. Parole Bd.*, 3:04CV-P698-R (dismissed under § 1915A(b)(1) for failure to state a claim and for lack of jurisdiction under Fed. R. Civ. P. 12(h)(3)); *Walker v. Ky. Dep't of Corr. et al.*, 4:99CV-P258-M (dismissed under § 1915A(b)(1) for failure to state a claim), *aff'd* by No. 00-5843 (6th Cir. Jan. 24, 2001).

Finding no reason to alter or amend the Court's September 22, 2011, Order denying Plaintiff's application to proceed in forma pauperis and directing him to pay the full filing fee, **IT IS ORDERED** that the motion to alter or amend (DN 5) is **DENIED**.

**IT IS FURTHER ORDERED that within 21 days from entry of this Order, Plaintiff must pay the $350.00 filing fee in full.** Plaintiff is **WARNED** that his failure to pay the filing fee within 21 days **will result in dismissal of the action and his continued responsibility for payment of the $350.00 filing fee.** *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) ("The subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full.").

Date:

cc: Plaintiff, *pro se*
4414.005